**XUE JIA LIN, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 05–0831–ag.**

United States Court of Appeals, Second Circuit.

July 28, 2006.

Xue Jia Lin, New York, New York, pro se, for Petitioner.

Michael J. Sullivan, United States Attorney, George B. Henderson, II, Assistant United States Attorney, Boston, Massachusetts, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. ROBERT D. SACK, Hon. B.D. PARKER, Circuit Judges.

**SUMMARY ORDER**

Xue Jia Lin petitions for review of the January 2005 BIA order denying his motion to reopen its September 2002 decision affirming the decision of Immigration Judge ("IJ") Sandy Hom denying his applications for asylum, withholding of removal, and relief under the Convention

Against Torture. We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006). In order to prevail on an ineffective assistance of counsel claim, "an alien must show that [his] counsel's performance was so ineffective as to have impinged upon the fundamental fairness of the hearing." *Jian Yun Zheng v. U.S. Dep't of Justice,* 409 F.3d 43, 46 (2d Cir.2005) (internal quotation marks omitted).

Lin contends that the BIA abused its discretion in denying his motion to reopen by applying an incorrect burden of proof and failing to consider adequately the evidence submitted in support of the motion. In his motion to reopen, Lin argued that his previous attorney erroneously failed to ask him to submit documents corroborating his wife's forced sterilization. In order to prevail on this claim, Lin was required to show that but for his attorney's failure to procure those corroborating documents, Lin's application for relief would have been granted. *See Jian Yun Zheng,* 409 F.3d at 46.

The IJ denied Lin's applications for relief, finding him not to be credible based on: (1) inconsistencies between Lin's testimony and submitted documentary evidence regarding whether his wife was required to wear an intrauterine device; (2) internally inconsistent testimony regarding the discovery of his wife's third pregnancy and the birth of their third child; (3) internally inconsistent testimony regarding the issuance and payment of family planning fines; (4) Lin's admission to the IJ that he submitted fraudulent medical evidence; and (5) failure to adequately corroborate his claim of his wife's forcible abortion and sterilization.

The BIA applied the correct legal standard, and because lack of corroboration was neither the sole nor the central reason for the IJ's denial of relief, Lin did not show that his previous attorney's failure to request a sterilization certificate and affidavit from his wife prejudiced the outcome of his case. The BIA adequately considered Lin's evidence supporting his ineffective assistance of counsel claim, and thus did not abuse its discretion in denying Lin's motion to reopen for failure to show prejudice by former counsel.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).